UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHYTE, an individual; DORION JACKETT, an individual; KANIUS HILL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO, a municipality; SAN DIEGO POLICE DEPARTMENT OFFICER (badge # unknown), an individual; and DOES 1-25, inclusive, <br><br> Defendants. | Case No. 21cv1159-LAB-MDD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [DKT. 9]** |

Plaintiffs Michael Whyte, Dorion Jackett, and Kanius Hill (collectively, "Plaintiffs") filed suit against Defendants City of San Diego (the "City") and San Diego Police Department Officer Trevor Sterling ("Officer Sterling") (collectively, "Defendants") for alleged civil rights and state law violations related to a traffic stop on June 2, 2020. Plaintiffs allege that, despite having broken no laws, they were unlawfully pulled over by Officer Sterling and subjected to "illegal and gestapo tactics" simply on account of their race. The stop did not result in any arrests or citations.

Plaintiffs' First Amended Complaint ("FAC") asserts nine causes of action for

violations of 42 U.S.C. § 1983, Cal. Civ. Code § 52.1, and for intentional infliction of emotional distress ("IIED"). Defendants move to dismiss Plaintiffs' second, fourth, fifth, sixth, seventh, eighth, and ninth causes of action, arguing that Plaintiffs have made conclusory allegations and provided insufficient facts to support their claims. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion to Dismiss ("Motion"). (Dkt. 9).

## I.   BACKGROUND

On June 2, 2020, Jackett, Whyte, and Hill, "all three [of whom] are Black men," were driving along California State Route 94 ("SR-94") in Jackett's Chevy Silverado when they were pulled over by Officer Sterling. (FAC ¶¶ 11–12). Jackett, who was driving, pulled over and stopped the vehicle. (*Id.* ¶ 13). Officer Sterling asked for Jackett's license and registration, and asked Jackett to exit the vehicle. (*Id.* ¶ 14). Jackett asked Officer Sterling why they were pulled over, and Officer Sterling informed him that he believed Plaintiffs were on their way to a protest in another part of town. (*Id.*). Officer Sterling also asked for Whyte's identification, but when Whyte informed him that his identification was in his wallet on the floor, Officer Sterling stated that he would shoot Whyte if he reached for it. (*Id.* ¶ 24). Officer Sterling then instructed Jackett to exit his vehicle, (*id.* ¶ 14), and asked Jackett if he could search the vehicle, (*id.* ¶ 15). Jackett declined but Officer Sterling proceeded to search both the vehicle and Jackett anyway. (*Id.*). As for Whyte, Officer Sterling removed him from the vehicle, placed him in handcuffs, rummaged through his pockets, and placed him in the back of his patrol car. (*Id.* ¶ 25). Plaintiffs were ultimately allowed to leave. (*Id.* ¶ 26).

On June 23, 2021, Plaintiffs filed this suit against Defendants for civil rights and state law violations related to the alleged traffic stop on June 2, 2020. (Dkt. 1). Their First Amended Complaint ("FAC") asserts nine causes of action for violations of 42 U.S.C. § 1983, intentional infliction of emotional distress ("IIED"), and violation of Cal. Civ. Code § 52.1. Defendants now move to dismiss Plaintiffs'

Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth causes of action.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   ANALYSIS

### A. Excessive Force

Plaintiffs' second cause of action alleges violations of 42 U.S.C. § 1983 on grounds that the "act of detaining[,] arresting, handcuffing, and placing Plaintiffs

into the back of the officers' vehicle was objectively unreasonable under the circumstances and no reasonable officer would have considered such use of force to be justified, thereby violating Plaintiffs' Fourth Amendment guarantee to be free from unreasonable seizures." (FAC ¶ 49). Defendants argue that none of this activity amounts to excessive force, and because Plaintiffs offer no other facts to support an inference of excessive force, this claim should be denied. (Dkt. 9-1 at 10). Indeed, Plaintiffs concede their failure to allege facts sufficient to support an excessive force claim and request leave to amend their complaint to properly state a claim. (Dkt. 11 at 4). Plaintiffs' second cause of action for excessive force is **DISMISSED WITHOUT PREJUDICE**.

### B. *Monell* Liability

Plaintiffs' fourth through seventh causes of action attempt to impose liability on the City for violation of Plaintiffs' Fourteenth Amendment rights under 42 U.S.C. § 1983.[1] A municipality can only be held liable for injuries inflicted by its employees or officers if it somehow participated in the wrongdoing through its official rules, policy, custom, or practice. *See Monell*, 436 U.S. at 690–91. To establish *Monell* liability, a plaintiff must prove that: (1) the plaintiff "possessed a constitutional right of which he was deprived"; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the "moving force" behind or cause of the constitutional violation. *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)). However, a municipality may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts

---

[1] Plaintiffs bring their fourth through seventh causes of action against the City, David Nisleit, and the San Diego Police Department ("SDPD"). Nisleit has been dismissed from this case, (Dkt. 8), and SDPD was never named as a defendant in the FAC. Therefore, the Court analyzes these claims as only against the City.

of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014).

Plaintiffs assert four causes of action under a theory of *Monell* liability: (1) failure to properly screen and hire (Claim 4); (2) failure to properly train (Claim 5); (3) failure to properly supervise and discipline (Claim 6); and (4) custom, policy, or practice of making inappropriate and illegal traffic contacts without any reasonable suspicion or probable cause (Claim 7). (FAC ¶¶ 59–83). However, the Court finds that the FAC fails to plead facts sufficient to plausibly state these claims. The FAC alleges that the City, "as a matter of custom, practice, and policy," failed to properly screen, hire, train, supervise, and discipline its police officers, (*id*. ¶¶ 61–83), and that it did so "with deliberate indifference" and "conscious disregard for the dangers of harm and injury to Plaintiffs and others similarly situated," (*id*. ¶¶ 61, 64).

But Plaintiffs' allegations are mere conclusory legal statements that fail to identify any specific custom, practice, or policy, let alone demonstrate whether and how any such custom, practice, or policy was the moving force behind the violation of Plaintiffs' rights. *See Guy v. Lorenzen*, 547 F. Supp. 3d 927, 949 (S.D. Cal. 2021) ("Merely reciting the elements of municipal liability is not enough to satisfy the pleading standard required under Rule 12(b)(6)."); *Jones v. Cnty. of Contra Costa*, No. 13-CV-05552-TEH, 2016 WL 1569974, at *3 (N.D. Cal. Apr. 19, 2016) ("Plaintiff's bare conclusory allegations do not put the County on notice of the specific training policies that allegedly caused the constitutional violation at issue."); *Cannon v. City of Petaluma*, No. C 11-0651 PJH, 2012 WL 1183732, at *19 (N.D. Cal. Apr. 6, 2012) ("Thus, conclusory statements such as those alleged here are insufficient to support a claim for municipal liability."). For instance, their allegation that the City failed to provide police officers with adequate training is supported only by the conclusory assertion of the City's failure "to maintain

adequate and proper training for police officers in the department necessary to educate the officers as to the Constitutional rights of arrestees" and "to prevent the excessive force and extra judicial punishment of potential arrestees by officers." (*Id*. ¶ 67). Plaintiffs critically fail to allege whether the City had "actual or constructive notice that a particular omission in [its] training program cause[d] [municipal] employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011). Instead, they allege only that *they* were subject to constitutional violations, but it's unclear from the FAC how this singular incident translates into a custom, practice, or policy adopted by the City. *deLeon v. City of Vista*, No. 18CV0714 JM(BGS), 2018 WL 4353204, at \*4 (S.D. Cal. Sept. 11, 2018) ("Plaintiffs' generalized allegations of custom, practice, and policy fail to establish more than a possibility that the Defendants acted unlawfully."). Plaintiffs' remaining *Monell* claims fare no better, as the FAC offers similarly conclusory allegations as the only support for each of those causes of action.

A complaint can't survive with only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see Somers v. Apple, Inc.*, 729 F.3d 953, 959– 60 (9th Cir. 2013). Because the FAC fails to allege factual matter sufficient to support an inference that the alleged violation of Plaintiffs' rights was caused by the City's customs, practices, or policies, or that such customs, practices, or policies amounted to a deliberate indifference to Plaintiffs' rights, the § 1983 claims against the City are **DISMISSED WITHOUT PREJUDICE**.

### C. State Law Claims

Defendants request dismissal of Plaintiffs' eighth and ninth causes of action for intentional infliction of emotional distress ("IIED") and violation of Cal. Civ. Code § 52.1, respectively. A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting

28 U.S.C. § 1367(c)(3)). The Court exercises that discretion here and **DISMISSES** Plaintiffs' IIED and § 52.1 claims for lack of jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiffs' Second, Fourth, Fifth, Sixth, and Seventh causes of action, which are **DISMISSED WITHOUT PREJUDICE**. (Dkt. 9). Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' eighth and ninth causes of action and **DISMISSES THOSE CLAIMS WITHOUT PREJUDICE**.

Plaintiffs are granted leave to amend their complaint by **June 16, 2022**.

**IT IS SO ORDERED.**

Dated:  May 26, 2022

Honorable Larry Alan Burns
United States District Judge

21cv1159-LAB-MDD